# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Robert Campos,

      Plaintiff,

v.

Salt River Project Agricultural Improvement and Power District,

      Defendant.

No. CV-26-04398-PHX-SHD

**PRELIMINARY ORDER**

The parties are advised of the following preliminary policies and procedures that will govern these proceedings.

**IT IS ORDERED** as follows:

### Governing Rules

Both counsel and *pro se* litigants must abide by the Rules of Practice of the U.S. District Court for the District of Arizona and the Federal Rules of Civil Procedure, except as otherwise ordered by the Court.

### Disclosure Statements

Full compliance with Federal Rule of Civil Procedure 7.1 is required by Plaintiff(s) and Defendant(s). Rule 7.1(a)(1) requires any nongovernmental corporation to file a disclosure statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock." Rule 7.1(a)(2) requires a party in an action where jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement identifying the citizenship of "every individual or entity whose citizenship is

attributed to that party." A Corporate Disclosure Statement form is available at https://www.azd.uscourts.gov/forms/disclosure-statement.

### Service Deadline

Service of the summons and complaint on each Defendant located in the United States must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific, short additional period of time. If the Court believes your reason constitutes "good cause," it will authorize a brief additional period to accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement because absent proof of service, the Court will have no way of knowing that the complaint was served.

**This order serves as an express warning that the Court will dismiss this action, without further notice to Plaintiff(s), with respect to any Defendant that is not timely served.** *See* **Fed. R. Civ. P. 4(m).**

### Forms of Papers

The parties shall adhere to all of the requirements of Local Rule of Civil Procedure ("LRCiv") 7.1, including the requirement that text and footnotes shall be no smaller than 13 point. Citations supporting any textual proposition shall be included in the text, not in a footnote.

### Paper Courtesy Copies

Do not send paper courtesy copies of Federal Rule of Civil Procedure 7(a) pleadings, short procedural motions (*e.g.*, motions for extension of time), 26(f) reports, or stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that may or will be opposed), and any responses or replies thereto, shall be either postmarked and mailed, or hand-delivered, to the Judge's mailbox in the courthouse by the next

business day after the electronic filing. Do not attempt to deliver documents to the Judge's chambers. Courtesy copies should be double-sided and include the ECF-generated header at the top of each page. Courtesy copies of documents too large for stapling must be submitted in three-ring binders, with any attachments or exhibits separated by numbered or labeled tabs.

### Amending Pleadings

Before filing a motion for leave to amend a pleading, the party that wishes to amend must seek the consent of the other parties in an attempt to file the amended pleading pursuant to LRCiv 15.1(b). If any party is unwilling to consent, the motion for leave to amend must indicate which party (or parties) will oppose the request. If a motion for leave to amend a pleading fails to so indicate, the motion will be denied without prejudice for failure to adhere to this order.

### Motions and Stipulations

Every motion or stipulation, however mundane, must cite the rule(s) and/or law(s) that permit the Court to grant the requested relief. Requests for extensions of time must include a brief explanation of why the extension is needed to help the Court determine whether there is good cause, *see* Fed. R. Civ. P. 6(b)(1)(A), and must comply with LRCiv 7.3.  If a party uses footnotes in a motion or brief, the footnote should only provide supplemental or explanatory information, and should not be used to make substantive arguments not made in the body of the motion or brief.  Arguments that are made solely in footnotes will not be considered.

To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the title of the motion whether the non-movant opposes the request and intends to file a written response (e.g., "Unopposed Motion for Leave to Amend"; "Opposed Motion for Extension of Time to Answer (Second Request)"). If such a motion does not so indicate, it may be denied for failure to comply with this order.

Motions and stipulations should be accompanied by proposed orders. A proposed

order is not necessary for motions that will require a reasoned analysis from the Court, or for stipulations requesting issuance of the Court's standard protective order with no amendments. These proposed orders must not be on letterhead or contain any information identifying the party submitting the order, and they must set forth the relief requested rather than incorporating the motion or stipulation by reference. *See also* LRCiv 7.1(b)(3). Proposed orders must be emailed—in Microsoft Word format (*not* PDF)—to Desai_chambers@azd.uscourts.gov. The subject line of the email must include the case name, case number, and the words "Proposed order for [name of motion]".

### Speaking Opportunities for Less Experienced Lawyers

The Court believes it is crucial to provide substantive speaking opportunities to less experienced lawyers (those less than 5 years out of law school), and that the benefits of doing so will accrue to such lawyers, to clients, and to the profession generally. Thus, the Court strongly encourages parties to permit less experienced lawyers to actively participate in the proceedings by, for example, presenting argument at motion hearings, examining witnesses at trial, or taking a speaking role at case management conferences. The Court will grant a request for oral argument on a contested substantive motion if the request states that a less experienced attorney will conduct the argument, or at least a majority of it. The Court may permit more than one attorney to present on behalf of a party if this creates an opportunity for a less experienced attorney to participate and does not result in redundant argument.

### Rule 12 Motions Are Discouraged

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The Court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion for judgment on the pleadings, or a Rule 12(f) motion to strike, the movant confer with the opposing party to determine whether such motion can be avoided; and (2) the movant attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree

that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* LRCiv 12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates filed before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

## Protective Orders

The Court's standard protective order is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Desai, Sharad H. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the Court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the Court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using "Track Changes," and the parties' Word document with the tracked changes must be emailed to chambers. The parties are reminded that the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not mean the Court will automatically order the sealing of filings containing such information. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

## Motions to Seal

LRCiv 5.6 governs sealing of court records in unsealed civil actions. Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The stringent "compelling reasons supported by specific factual findings" standard articulated in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), applies to motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. Merely noting that a document was designated confidential by a party under a protective order will not satisfy the legal standard for sealing. Parties must also comply

with any procurements requirements set forth in the protective order when filing motions to seal.

Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact.

### Emergencies and Expedited Consideration

Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration* accompanied by a certificate from counsel for the moving party or, if unrepresented, the moving party. The certificate must set forth the following: (1) the facts establishing the need for expedited resolution; (2) the dates of the imminent events pertinent to the request; (3) whether the motion or request for expedited consideration could have been filed earlier; and (4) when or how the moving party will provide notice to all other parties and the other parties' positions on the motion. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice and certificate must be filed.

### Requests to Reschedule Court Dates

The Court interprets LRCiv 7.3(b) as applying to requests to reschedule court dates due to attorney—or other necessary individual(s)—conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the Court at least three dates/times when all counsel or necessary individual(s) are available for rescheduling purposes.

### Noncompliance

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or

part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *Cf.* LRCiv 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules of Civil Procedure], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

**IT IS FURTHER ORDERED:**

1.      That Plaintiff(s) must promptly serve a copy of this order on any Defendant(s) who have not already appeared in this matter, and file a notice of service with the Clerk of Court; and

2.      That, unless the Court orders otherwise, on **September 21, 2026**, the Clerk of Court shall **terminate** without further notice any defendant in the United States that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 29th day of June, 2026.

Honorable Sharad H. Desai
United States District Judge