**SPENCER FANE LLP**
Helen R. Holden (No. 013264)
Robert M. Warzel (No. 034758)
2415 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431
hholden@spencerfane.com
rwarzel@spencerfane.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Robert Campos,<br><br>Plaintiff,<br><br>v.<br><br>Salt River Project Agricultural Improvement and Power District, a political subdivision of the State of Arizona,<br><br>Defendant. | Case No.: 2:26-cv-04398-SHD<br><br>**ANSWER TO COMPLAINT** |

Defendant Salt River Project Agricultural Improvement and Power District ("Defendant" or "SRP"), by and through its attorneys hereby answers and states Affirmative Defenses to the claims set forth in the Complaint of Plaintiff Robert Campos ("Plaintiff" or "Campos"), in accordance with the numbered paragraphs thereof.

**PRELIMINARY STATEMENT**

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Answering Paragraph 2, Defendant admits that it formerly employed Plaintiff. Defendant denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. In response to Paragraph 6, Defendant admits that it employed more than fifteen (15) employees between 2021 and 2026.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8. In response to Paragraph 8, Defendant admits that this Court has subject matter jurisdiction over this action.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required.

12. Paragraph 12 states legal conclusions to which no response is required.

13. In response to Paragraph 13, Defendant admits that venue is proper in this Court.

## GENERAL ALLEGATIONS

14. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

15. Answering Paragraph 15, Defendant admits that Plaintiff began providing services for SRP through a contracted third party in or around 2005.

16. Defendant admits the allegations contained in Paragraph 16.

17. Answering Paragraph 17, Defendant admits that during portions of his employment, Plaintiff was involved in managing certain customer relationships with telecommunications companies on behalf of SRP, and denies the remaining allegations contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Answering Paragraph 20, Defendant admits that between fiscal year 2015 and fiscal year 2022, Plaintiff's job performance in formal performance reviews state he at least met expectations.

21. Defendant admits that the formal performance review provided to Plaintiff for fiscal year 2022 contained the language identified in Paragraph 21 of the Complaint. .

22. Defendant admits that Plaintiff periodically received Special Recognition Awards but denies that Special Recognition Awards are indicative of an employee's overall performance. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant admits that Plaintiff received a Special Recognition Award in or about 2020. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that Plaintiff received a Special Recognition Award in or about 2022. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant admits the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant admits that Mr. Ciaccio presented Plaintiff with a 15-year service award at a golf outing. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant admits the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant admits that Plaintiff brought some concerns to Director Bowles, and denies the remaining allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant admits that Plaintiff received a performance review in or around May 2025 which speaks for itself, but denies the remaining allegations contained in Paragraph 44.

45. Defendant admits the allegations contained in Paragraph 45.

46. Defendant admits the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant admits that Plaintiff reported conduct to Human Resources, but denies the remaining allegations contained in Paragraph 53 and specifically denies that the report identified any discriminatory conduct.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant admits the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant admits the allegations contained in Paragraph 58.

59. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the same.

60. Defendant admits the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant admits the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant admits the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies the same

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

72. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

73. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies the same.

74. Defendant admits the allegations contained in Paragraph 74.

75. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75. Defendant therefore denies the same.

**CLAIMS FOR RELIEF**

**COUNT I: Discrimination on the Basis of Sex-Disparate Treatment**
**(TITLE VII, 42 U.S.C. §2000e-2 and Arizona Civil Rights Act §41-1463(B))**

76. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

77. In response to Paragraph 77, Defendant admits that the referenced statute contains the quoted language. The remaining allegations contained in Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

78. In response to Paragraph 78, Defendant admits that the referenced statute contains the quoted language. The remaining allegations contained in Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82, and specifically denies that Plaintiff suffered damages.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84, and specifically denies that Plaintiff is entitled to damages in any amount whatsoever.

**COUNT II: Discrimination on the Basis of Age (Violation of ADEA)**
**(29 U.S.C. §621 *et seq.* and Arizona Civil Rights Act §41-1463(B))**

85. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87. In response to Paragraph 87, Defendant admits that the referenced statute contains the quoted language. The remaining allegations contained in Paragraph 87 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88.

89. Answering Paragraph 89, Defendant admits that Plaintiff has been over 40 from 2019 to the present.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95.

**COUNT III: Hostile Work Environment**
**(TITLE VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1); ADEA, 29 U.S.C. § 623(a)(1); ACRA, A.R.S. § 41-1463(B)**

96. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

97. Defendant denies the allegations contained in Paragraph 97.

98. Defendant denies the allegations contained in Paragraph 98.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103.

**COUNT IV: Retaliation in Violation of Title VII**
**(42 U.S.C. §§2000e et al.))**

104. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

105. Paragraph 105 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations contained in Paragraph 106.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107.

108. Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109.

110. Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110.

111. Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 111.

112. Paragraph 112 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 112.

**COUNT V: Retaliation in Violation of ADEA**
**(29 U.S.C. §621 *et seq.*))**

113. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

114. Paragraph 114 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations contained in Paragraph 115.

116. Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116.

117. Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 117.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations contained in Paragraph 119.

120. Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120.

121. Paragraph 121, which is mislabeled as Paragraph 108, states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 121.

## **GENERAL DENIAL**

122. To the extent any allegations of the Complaint are not expressly admitted above, Defendant specifically denies those allegations.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses, SRP incorporates each admission, denial, and allegation set forth above as though fully set forth here, and asserts the following defenses, some of which are affirmative defenses, as follows:

1. Plaintiff's claims are barred by A.R.S. §§ 12-821 and -821.01. Pursuant to A.R.S. § 12-821.01(G), "[i]f a genuine issue of material fact exists as to whether the requirements of this section have been complied with, the issue shall be resolved before a trial on the merits and at the earliest possible time."

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's Complaint is barred in whole or in part by its own conduct or the conduct of others.

4. Plaintiff 's Complaint fails, in whole or in part, because Plaintiff has not suffered any alleged damages.

5. Plaintiff's claims are barred in whole or in part by the principles of unclean hands, acquiescence, bad faith, failure to perform, waiver, laches, novation, and/or estoppel based upon Plaintiff's acts, omissions, and conduct.

6. Plaintiff's claims are barred to the extent they seek inconsistent or duplicative remedies.

7. Plaintiff's claims are barred, in whole or in part, as a result of any applicable statute of limitations.

8. Plaintiff claims are barred or any purported damages reduced to the extent that Plaintiff failed to mitigate any alleged damages.

9. Defendant's actions were at all times taken in good faith and for legitimate business reasons and not for any alleged retaliatory or discriminatory reasons. The same actions would have been taken based on legitimate business grounds.

10. Plaintiff's claims for retaliation are barred due to the failure to demonstrate a causal link between any alleged protected activity and any adverse employment action.

11. Any action taken by Defendant with respect to Plaintiff's employment giving rise to a claim for damages, the existence of which Defendant specifically denies, was not undertaken willfully or maliciously, and Plaintiff is not entitled to an award of punitive damages.

12. Defendant reserves the right to list additional affirmative defenses as they become known through the course of discovery, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), and expressly does not waive any affirmative defenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Counterclaimant Salt River Project Agricultural Improvement and Power District respectfully requests that judgment be entered in its favor and against Plaintiff as follows:

A. That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

B. That Plaintiff takes nothing thereby;

C. That Defendant be awarded its costs and attorneys' fees incurred in defending this action, pursuant to all applicable statutes and rules, including but not limited to A.R.S. §§ 12-341 and 12-341.01;

D. For such other and further relief as the Court may deem just and proper

RESPECTFULLY SUBMITTED this 24th day of August, 2026.

SPENCER FANE LLP

*/s/ Helen R. Holden*

Helen R. Holden
Robert M. Warzel
*Attorneys for Defendant Salt River Project Agricultural Improvement and Power District*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Courtney Ryan*